Daniel J. Wadley (Admitted *pro hac vice*)
Wadleyd@sec.gov
Amy J. Oliver (Admitted *pro hac vice*)
Olivera@sec.gov
James J. Thibodeau (Admitted *pro hac vice*)
ThibodeauJ@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br>vs.<br><br>ANTHONY JOSEPH MARINO,<br>GEORGE FRANK POLERA, and,<br>UNITED BUSINESS ALLIANCE, LLC,<br><br>          Defendants. | Case No. 2:17-cv-02017-APG-CWH<br><br>**REPORT AND RECOMMENDATION FOR ENTRY OF DEFAULT JUDGMENT AS TO ALL DEFENDANTS**<br><br>Judge Andrew P. Gordon<br>Magistrate Judge Carl W. Hoffman |

This matter comes before the Court on a Motion to Compel brought by the Plaintiff, Securities and Exchange Commission, seeking an order compelling the defendants to serve their Rule 26 Initial Disclosures and respond to the Plaintiff's written discovery requests. The Defendants failed to respond to the Motion to Compel, and the Court issued an order compelling the Defendants to provide their Initial Disclosures no later than April 6, 2018. The Defendants failed to do so. The Court then issued an Order to Show Cause requiring the Defendants to show cause, in writing, why they should not be sanctioned for failure to comply with the Court's prior order and ordering them to appear at a show cause hearing on August 7, 2018. The Show Cause

Order specified that the Defendants' failure to file a response and/or appear at the show cause hearing would result in the imposition of sanctions pursuant to Local Rule IA 11-8 and/or Federal Rule of Civil Procedure 16(f). Defendants failed to file any written response to the show cause order and failed to appear at the August 7, 2018 show cause hearing.

For the reasons set forth in more detail below, the Court finds that default judgment should be entered against all Defendants.

## FINDINGS OF FACT

1. The Commission filed this lawsuit against Defendants Anthony Joseph Marino, George Frank Polera, and United Business Alliance, LLC on July 25, 2017. Docket No. 1.

2. The Court entered the Scheduling Order on October 4, 2017. Docket No. 10. The Scheduling Order required the parties to serve their Rule 26 Initial Disclosures no later than October 31, 2017. The Commission served its Rule 26 Initial Disclosures on October 31, 2017. Defendants failed to serve their Rule 26 Initial Disclosures.

3. On November 24, 2017, the Commission served written discovery, including Requests for Production of Documents and Interrogatories, to each of the three Defendants. Defendants' responses were due on December 26, 2017. No responses were ever provided.

4. On February 6, 2018, the Commission filed a Motion to Compel, asking the Court to compel the Defendants to produce their Rule 26 Initial Disclosures and to respond to the Commission's written discovery requests. Docket No. 13. The Defendants failed to file a response to the Motion.

5. The Court granted the motion on March 16, 2018 and ordered the Defendants to serve their initial disclosures no later than April 6, 2018. Docket No. 18. The Court also ordered

the Commission to provide the Court with a status report on the Defendants' compliance with the Order no later than April 13, 2018.

6. On April 13, 2018, the Commission filed the required status report with the Court, indicating that the Defendants did not produce their Rule 26 Initial Disclosures or any responses to the Commission's written discovery requests.

7. On July 20, 2018, the Court issued an Order to Show Cause in which it ordered the defendants to "show cause, in writing, why they should not be sanctioned for failure to comply with the Court's Order (ECF No. 18) requiring them to provide initial disclosures" on or before August 1, 2018. Docket No. 21. The Court further ordered "that defendants must appear for a show cause hearing on Tuesday, August 7, 2018, at 2:00 p.m." *Id.* The Court further ordered "that defendants' failure to file a show cause brief and/or to appear at the show cause hearing will result in the imposition of sanctions under Local Rule IA 11-8 and/or Rule 16(f) of the Federal Rules of Civil Procedure." *Id.*

8. Defendants did not file anything in writing in response to the Order to Show Cause.

9. Neither Defendants nor their counsel appeared at the show cause hearing on August 7, 2018.

10. To date, the Defendants have failed to provide either their Rule 26 Initial Disclosures or responses to the Commission's written discovery requests.

**CONCLUSIONS OF LAW**

The Defendants have continually refused to participate in this litigation. In spite of multiple Court Orders, the Defendants have failed to provide the required Initial Disclosures or respond to written discovery. The Defendants failed to comply with the Court's Order requiring

3

them to provide their Initial Disclosures. The Defendants failed to comply with the Court's Order to Show Cause when they failed to file a written response and also failed to appear at the show cause hearing. With respect to the Order to Show Cause, the Court specifically provided notice to the Defendants that their "failure to file a show cause brief and/or to appear at the show cause hearing will result in the imposition of sanctions under Local Rule IA 11-8 and/or Rule 16(f) of the Federal Rules of Civil Procedure." Docket No. 21.

Having failed to file a show cause brief and failed to appear at the show cause hearing, the Court finds that the imposition of sanctions is appropriate in this case.

Local Rule IA 11-8 provides that "The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: . . . (d) Fails to comply with any order of this court." The Defendants have failed to comply with two Court orders in this case and sanctions are therefore appropriate.

Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions when a party "(C) fails to obey a scheduling or other pretrial order." The sanctions available, include "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." In turn, Rule 37(b)(2)(A)(vi) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . (vi) rendering a default judgment against the disobedient party." Here, the Defendants have failed to provide the discovery required under Rules 16 and 26 and have continued that failure in the face of two Court orders.

As a result of the Defendants continued failure to participate in this litigation and the Defendants utter disregard of two separate Court orders, the Court concludes that entry of default

4

judgment against all Defendants is the appropriate sanction under Local Rule IA 11-8 and Federal Rule of Civil Procedure 16(f).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that entry of default judgment be entered against defendants.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: August 20, 2018

_____
C.W. HOFFMAN, JR
UNITED STATES MAGISTRATE JUDGE