# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br>vs.<br><br>ANTHONY JOSEPH MARINO,<br>GEORGE FRANK POLERA, and,<br>UNITED BUSINESS ALLIANCE, LLC,<br><br>      Defendants. | Case No. 2:17-cv-02017-APG-CWH<br><br>**DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**<br><br>[ECF No. 28] |

The Securities and Exchange Commission's ("Commission") has filed a Motion for Default Judgment against defendants Anthony Joseph Marino, George Frank Polera, and United Business Alliance, LLC ("Defendants"). ECF No. 28. Good cause appears to grant that motion. I therefore **grant the motion (ECF No. 28)** and make the following findings of fact:

1. From at least October 2013, Defendants offered and sold securities in the form of promissory notes and investment contracts, raising at least $615,500 from at least ten investors. ECF No. 1, ¶ 1.

2. United Business Alliance, LLC, through Marino and Polera, promised investors that their funds would be used for trading in prime bank instruments. Id. at ¶ 15.

3. Defendants promised investors and prospective investors an exorbitant return on their investment, including promises as high as an 84% annualized return. Id. at ¶ 17.

4. However, Defendants failed to provide the promised returns to investors. Id. at ¶ 2.

5. Defendants made numerous misrepresentations to investors in connection with these investments, including that there was no prime bank trading program, that investor funds

1

were used to pay returns to investors, and that Defendants used investor funds for their own personal expenses. Id. at ¶¶ 2, 21.

6. On September 6, 2018, I entered an Order Accepting Report and Recommendation and Directing Entry of Default. ECF No. 25.

7. On September 10, 2018, the Clerk of the Court entered a Default Certificate against all Defendants. ECF No. 27.

This court has personal jurisdiction over the Defendants and subject matter jurisdiction over this case. There is no just reason for delaying the entry of this Judgment.

I.

IT IS HEREBY ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED that defendant Anthony Joseph Marino is permanently restrained and enjoined from participating in the issuance, purchase, offer, or sale of any security, other than for his own personal account, whether directly or indirectly, including but not limited to through any entity owned or controlled by him.

## IV.

IT IS FURTHER ORDERED that Defendants are, jointly and severally, liable for disgorgement of $362,000, representing profits gained as a result of the conduct alleged in the

3

Complaint, together with prejudgment interest thereon in the amount of $17,554.92, for a total of $379,554.92. Defendants shall satisfy this obligation by paying $379,554.92 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce this judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold

the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the court.

The Commission may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED that

(a) Defendant Anthony Joseph Marino shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

(b) Defendant George Frank Polera shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

(c) Defendant United Business Alliance, LLC shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

Defendants shall make these payments within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying the Defendants in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: September 21, 2018

_____

UNITED STATES DISTRICT JUDGE